[Crim. No. 21356. Second Dist., Div. Three. Nov. 30, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID MANUEL VASQUEZ, Defendant and Appellant.

Counsel

Frederic A. Spindell, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, and James H. Kline, Deputy Attorney General, for Plaintiff and Respondent.

Opinion

COBEY, J.—David Manuel Vasquez appeals from a judgment of conviction, entered upon jury verdicts of guilty, on count I, assault with intent to murder (Pen. Code, § 217) and count II, mayhem (Pen. Code, § 203). The appeal lies. (Pen. Code, § 1237, subd. 1.)

Appellant contends that it was reversible error for the trial court to refuse (1) his requested instruction on the criminal intent necessary to make one what he calls an accomplice (see CALJIC No. 3.14) and what we term an aider and abettor (cf. Pen. Code, §§ 31, 1111); (2) his requested instructions (CALJIC No. 3.35, CALJIC No. 4.21) on diminished capacity by reason of intoxication.

## FACTS[1]

On August 1, 1971, at about 1:50 a.m., one Joe Gaspar was sitting in his car when a blue automobile with writing on a window driven by appellant and carrying two passengers pulled over a car length and a half in front of him. One of the passengers, known as "Shotgun," with whom Gaspar had disputed two weeks earlier, exited the vehicle from the right front seat, walked to its rear and fired a shotgun at Gaspar through the windshield hitting his eyes and forehead and blinding him in both eyes.

Shortly afterwards a deputy sheriff for the County of Los Angeles spotted a car matching the description of the car involved in the shooting. Appellant was alone in the car and a shotgun shell was observed on the right front portion of the floorboard. One of the witnesses taken to where appellant had been stopped identified the blue car in which appellant had been apprehended as the one used in the shooting. At this time appellant was seated in a police car near the blue car and threatened the witness: "You're going to march . . . . You're going to pay . . . . I'm going to kill you."

The next day appellant, while in custody and after having been given the warnings required by *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], told a detective sergeant for the County of Los Angeles Sheriff's Department that: at a boulevard stop two men had gotten into his car; one of them pointed a shotgun at him; they then robbed him and told him to drive to an area where the man seated in the front seat shot someone; after the shooting they told appellant to drive away; shortly thereafter they told appellant to stop and let them off, which he did, after which he drove away and was soon apprehended. Appellant testified to the same effect at the trial.

## DISCUSSION

■ Appellant's first contention is that the trial court prejudicially erred in refusing a requested instruction on the criminal intent necessary to make one an aider and abettor. Specifically he claims that he was entitled to an instruction in the language of CALJIC No. 3.14,[2] in view of his defense

---

[1] We must view the record in the light most favorable to the People, as the party who prevailed below, and presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence. (See *People* v. *Reilly,* 3 Cal.3d 421, 425 [90 Cal.Rptr. 417, 475 P.2d 649].)

[2] CALJIC No. 3.14 reads as follows: "Merely assenting to or aiding or assisting in the commission of a crime without guilty knowledge or intent is not criminal, and a person so assenting to, or aiding, or assisting in, the commission of a crime without guilty knowledge or intent in respect thereto, is not an accomplice in the commission of such crime."

of intoxication and the claimed involuntariness of his conduct in driving the car used by another in making the aggravated assault.

This contention is without merit. Where a subject is adequately covered in the instructions its repetition is not required. (See *People* v. *Potter,* 240 Cal.App.2d 621, 633 [49 Cal.Rptr. 892] (cert. den. 388 U.S. 924 [18 L.Ed.2d 1374, 87 S.Ct. 2118], rehg. den. 389 U.S. 890 [19 L.Ed.2d 205, 88 S.Ct. 20]); *People* v. *Geibel,* 93 Cal.App.2d 147, 176 [208 P.2d 743].) In the instant case the trial court gave the instruction CALJIC No. 3.00,[3] which states in part that those ". . . who knowingly and with criminal intent aid and abet . . ." in the commission of a crime are regarded as principals. In addition, the trial court also gave the instruction CALJIC No. 3.01,[4] which states in part "[a] person aids and abets the commission of a crime if he knowingly and with criminal intent aids . . . the commission of such crime." The refused requested instruction states in part "[m]erely assenting to or aiding or assisting in the commission of a crime without guilty knowledge or intent is not criminal . . . ."

It is clear that the two instructions given adequately cover the subject of the criminal intent required to make one an aider and abettor and therefore criminally responsible as a principal. The only distinction between the two instructions given and the one refused is that the former states the requirements of knowledge and criminal intent in positive form while the latter states them in negative form. Thus there was no error.

■■ Appellant's second contention is that it was reversible error for the trial court to refuse appellant's requested instructions relating to diminished capacity by reason of voluntary intoxication (CALJIC Nos. 3.35, 4.21).[5] We agree insofar as this contention relates to the conviction of

---

[3]CALJIC No. 3.00 reads in full: "All persons concerned in the commission of a crime who either directly and actively commit the act constituting the offense or who knowingly and with criminal intent aid and abet in its commission or, whether present or not, who advise and encourage its commission, are regarded by the law as principals in the crime thus committed and are equally guilty thereof."

[4]CALJIC No. 3.01 reads in full: "A person aids and abets the commission of a crime if he knowingly and with criminal intent aids, promotes, encourages or instigates by act or advice, or by act and advice, the commission of such crime."

[5]These requested instructions were: 3.35 "When a defendant is charged with a crime which requires that a certain specific intent or mental state be established in order to constitute the crime or degree of crime, you must take all the evidence into consideration and determine therefrom if, at the time when the crime allegedly was committed, the defendant was suffering from some abnormal mental or physical condition, however caused, which prevented him from forming the specific intent or mental state essential to constitute the crime or degree of crime with which he is charged.

"If from all the evidence you have a reasonable doubt whether defendant was

assault with intent to commit murder, count I. This is so because assault with intent to commit murder (Pen. Code, § 217), unlike mayhem (Pen. Code, § 203), is a crime requiring specific intent (see *People* v. *Hood,* 1 Cal.3d 444, 456-457 [82 Cal.Rptr. 618, 462 P.2d 370]; *People* v. *Nance,* 25 Cal.App.3d 925, 928-930 [102 Cal.Rptr. 266]; *People* v. *Glover,* 257 Cal.App.2d 502, 505 [65 Cal.Rptr. 219]), and this material element of the crime can be negated by proof of inability to form the required intent due to voluntary intoxication. (See generally *People* v. *Hood, supra,* at pp. 455-457.)

 The record clearly establishes that appellant's role in the aggravated assault on Gaspar was solely that of an aider and abettor. An aider and abettor's fundamental purpose, motive and intent is to aid and assist the perpetrator in the latter's commission of the crime. He may so aid and assist with knowledge or awareness of the wrongful purpose of the perpetrator (see, e.g., *People* v. *Scofield,* 17 Cal.App.3d 1018, 1026 [95 Cal.Rptr. 405]; *People* v. *Tambini,* 275 Cal.App.2d 757, 765 [80 Cal. Rptr. 179]) or he may so act because he has the same evil intent as the perpetrator. (See, e.g., *People* v. *Francis,* 71 Cal.2d 66, 72 [75 Cal.Rptr. 199, 450 P.2d 591]; *People* v. *Durham,* 70 Cal.2d 171, 181 [74 Cal.Rptr. 262, 449 P.2d 198].) In either situation, under Penal Code section 31, he is as culpable as the actual perpetrator.

 Where he is voluntarily intoxicated when he so aids and assists in the commission of a specific intent crime, the question is posed as to whether the defense of diminished capacity should be available to him when his culpable mental state is merely that of knowledge or awareness of the wrongful purpose of the perpetrator.

The question must be answered in the affirmative in view of the broad language of Penal Code section 22 covering expressly purpose and motive as well as intent.[6] (See *People* v. *Foster,* 19 Cal.App.3d 649, 655-656 [97

---

capable of forming such specific intent or mental state, you must give defendant the benefit of that doubt and find that he did not have such specific intent or mental state."

4.21 "In the crime of . . . of which the defendant is accused [in Count . . . of the information], a necessary element is the existence in the mind of the defendant of the specific intent to . . . .

"If the evidence shows that the defendant was intoxicated at the time of the alleged offense, the jury should consider his state of intoxication in determining if defendant had such specific intent.

"If from all the evidence you have a reasonable doubt whether defendant was capable of forming such specific intent, you must give the defendant the benefit of that doubt and find that he did not have such specific intent."

[6]Penal Code section 22 reads: "No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition.

Cal.Rptr. 94]; *People* v. *Garcia,* 250 Cal.App.2d 15, 20-21 [58 Cal.Rptr. 186].) Our holding is limited, however, to those situations where the aider and abettor's diminished capacity is due to voluntary intoxication. It has no application to situations where his diminished capacty is caused by a mental disorder. (See *People* v. *Noah,* 5 Cal.3d 469, 477-478 [96 Cal.Rptr. 441, 487 P.2d 1009].) It does preserve intact, though, in the voluntary intoxication cases for all aiders and abettors regardless of their particular *mens rea,* the equal culpability principle enunciated in Penal Code section 31, and makes their exposure to criminal liability no greater than that of the perpetrator of a specific intent crime.

█ It is well settled that if the defendant requests an instruction it must be given if there is any evidence on that issue deserving of any consideration whatsoever, that failure to so instruct on every material question presented by the evidence is error (see *People* v. *Tidwell,* 3· Cal.3d 82, 86 [89 Cal. Rptr. 58, 473 P.2d 762]), and the error, harmless or not, is prejudicial per se since appellant is thereby denied a jury trial on all of the issues presented by the evidence. (See *People* v. *Tidwell, supra,* at pp. 86-87; *People* v. *Mosher,* 1 Cal.3d 379, 390-391 [82 Cal.Rptr. 379, 461 P.2d 659]; *People* v. *Graham,* 71 Cal.2d 303, 316-317 [78 Cal.Rptr. 217, 455 P.2d 153]; *People* v. *Castillo,* 70 Cal.2d 264, 270-271 [74 Cal.Rptr. 385, 449 P.2d 449]; *People* v. *Modesto,* 59 Cal.2d 722, 730 [31 Cal.Rptr. 225, 382 P.2d 33], overruled on another ground, *People* v. *Morse,* 60 Cal.2d 631, 649 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810].)

██ In the instant case appellant introduced evidence of intoxication worthy of consideration. Appellant testified that he had been drinking, that he was "kind of high" and "kind of loaded." He had an argument with his wife about his drinking. The fact that appellant had been drinking a lot was corroborated by his wife, who took over the wheel of the car at 6 p.m. on the evening in question because he had been drinking too much and for that same reason she later refused to give him money to buy more alcohol. It is true that appellant also testified that he was not drunk at 6 p.m. and that the highway patrolman who gave appellant a citation at this time did not detect the odor of alcohol nor any symptoms of intoxication. Nevertheless the law requires that "[*h*]*owever incredible the testimony of a defendant may be he is entitled to an instruction based upon the hypothesis that it is entirely true.*" (Italics original.) (*People* v. *Modesto, supra,* 59 Cal.2d 722 at p. 729.) Moreover, the trial judge himself apparently was of the opinion

---

But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act."

that the evidence of appellant's intoxication was deserving of consideration, inasmuch as he gave the instruction on voluntary intoxication, CALJIC No. 4.20.

■ It was likewise reversible error under the circumstances of this case for the trial court to give CALJIC No. 4.20 instead of CALJIC No. 4.21.[7] (See Pen. Code, § 22; *People* v. *Spencer,* 60 Cal.2d 64, 87 [31 Cal.Rptr. 782, 383 P.2d 134].)

The judgment of conviction of assault with intent to murder (count I) is reversed. The judgment of conviction of mayhem (count II) is affirmed. The stay of execution as to count II is vacated.

Schweitzer, Acting P. J., and Allport, J., concurred.

---

[7]CALJIC No. 4.20 reads: "Our law provides that 'no act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition.'

"This provision of the law means that if the evidence shows that the defendant was voluntarily intoxicated when allegedly he committed the offense charged [in Counts I & II], his intoxication is not a defense to such charge."

See footnote 5, *supra,* for CALJIC No. 4.21.