[Crim. No. 13053. Third Dist. May 29, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
CATHY RACHELLE REED, Defendant and Appellant.

COUNSEL

Gerald E. Singer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, W. Scott Thorpe and Shirley A. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SIMS, J.—Defendant pled guilty to mayhem (Pen. Code, § 203) and was sentenced to the upper term of six years in state prison. On appeal, she contends the trial court erred in citing viciousness as a circumstance in aggravation to support imposition of the upper term. We disagree and affirm.

## Factual and Procedural Background

Defendant and her victim became involved in a barroom altercation, which touched off a scuffle over a ring defendant claimed had been stolen from her and given to the victim. In the course of the fight, defendant slashed the victim's face with a razor-sharp box cutter. The wound extended from the bridge of the victim's nose down the left side of her face to a point just below the jawline and required 70 stitches for closure. A permanent scar resulted.

Defendant ultimately pled guilty to violation of Penal Code section 203, mayhem.

In imposing the upper term for mayhem, the trial court stated the following on the record: "I am going to impose the higher term because the attack here, the crime, was especially vicious because the Defendant has an extensive previous record for dangerous—for violent criminal acts which clearly manifest dangerousness. She was on parole at the Youth Authority at the time she committed the present offense. She had failed on juvenile probation. She had failed on Youth Authority parole.

"There are some facts in mitigation. Her limited mental capacities, the fact that she was, to some extent, intoxicated at the time she committed the offense, the fact that, to some extent, the victim provoked the attack by oral provocations, and the fact that the—apparently the Defendant believed she had the right to take the ring from the hand of the victim, the facts—however, those facts in mitigation in my view are substantially outweighed by the facts in aggravation which I previously enumerated, and they justify the higher term, and public safety demands I think the higher term be imposed here."

## Discussion

Defendant's contention is the court erred by citing viciousness, according to her an element of the crime of mayhem, as an aggravating circumstance of her offense that justified imposing the upper term. She bases this claim of error on rule 441(d) of the California Rules of Court which prohibits the use of an element of a crime to support imposition of the upper term.

Rule 439(b) of the California Rules of Court permits a court to impose the upper term only if, considering the entire record of the case, circumstances in aggravation are established by a preponderance of the evidence and outweigh circumstances in mitigation. According to rule 421(a)(1) of

the California Rules of Court, a sentencing court may properly cite as a circumstance in aggravation the fact that a crime involved "acts disclosing a high degree of cruelty, viciousness, and callousness."

Defendant's claim rests entirely on her position that viciousness is an element of mayhem. Subjecting it to both legal and logical scrutiny, we conclude defendant's position is unsound.

We find no authority suggesting that in proving a defendant guilty of mayhem the prosecution must establish he acted viciously. Penal Code section 203 provides that one "who unlawfully and maliciously deprives a human being of a member of his body, or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear, or lip, is guilty of mayhem." By definition, a person guilty of mayhem must act maliciously. But "maliciously" does not import viciousness; rather it imports "a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law . . . ." (Pen. Code, § 7, subd. 4.) ■ Therefore, except where mayhem is the underlying felony in a prosecution for felony murder, the prosecution need not prove a defendant specifically intended to maim his victim; it is sufficient that a defendant engages in unlawful conduct which foreseeably results in his victim's disfigurement. (See *People* v. *Sears* (1965) 62 Cal.2d 737, 744-745 [44 Cal.Rptr. 330, 401 P.2d 938], and authorities discussed therein; *People* v. *Vasquez* (1972) 29 Cal.App.3d 81, 87 [105 Cal.Rptr. 181].) ■ Viciousness is not a mental element of mayhem and, where appropriate, may be cited as a circumstance in aggravation of mayhem.

Moreover, logical scrutiny of defendant's contention leads to a like conclusion. Broken down to its bare constituent parts, her argument runs as follows: premise one, every mayhem involves destructive violence; premise two, viciousness denotes destructive violence; and conclusion, every mayhem involves viciousness. If defendant means by her second premise to equate viciousness with destructive violence, that premise is unsound and thus her conclusion is invalid. Viciousness connotes moral depravity. (Webster's Third New. Internat. Dict. (3d ed. 1971) p. 2550.) Many acts which may be described as vicious do not involve violence at all but rather involve such acts as deceit or slander. (*Ibid.*) Likewise, experience tells us many destructively violent acts do not indicate viciousness but instead show frustration, justifiable rage, or self-defense. So viciousness and destructive violence may not for all purposes be equated with one another. It follows then that not every mayhem, a crime involving destructive violence toward another, may be labelled vicious. As such, viciousness is not inherent in every mayhem but when a court finds a particular act of mayhem was highly vicious it may treat such viciousness as an aggravating circumstance. (Cal.

Rules of Court, rule 421(a)(1); see *People* v. *Karsai* (1982) 131 Cal.App.3d 224, 239 [182 Cal.Rptr. 406]; *People* v. *Dixie* (1979) 98 Cal.App.3d 852, 856 [159 Cal.Rptr. 717].)

Here, defendant slashed her victim's face with a razorsharp box cutter creating a wound and permanent scar several inches long. The trial court could reasonably have found her act involved a high degree of viciousness.

■ Even assuming, arguendo, the court improperly cited viciousness as an aggravating circumstance, its sentence choice was amply supported by the evidence. The other aggravating circumstances cited by the court are indisputable. We have no doubt defendant's frequent resort to stabbing those with whom she disagreed over the past eight years, including the instant offense, indicates she is a serious danger to society. (Cal. Rules of Court, rule 421(b)(1).) Defendant's record confirms the trial court's conclusion that she was an unquestionable failure on both juvenile probation as a minor and Youth Authority parole as an adult. (Cal. Rules of Court, rule 421(b)(4).) Also, defendant was on parole from the Youth Authority when she committed the instant crime. (Cal. Rules of Court, rule 421(b)(5).) So even assuming the court's finding of viciousness was error, the gravity of these other circumstances, viewed in light of the dearth of weighty mitigating factors, makes plain that a remand would not benefit defendant. (*People* v. *Karsai, supra,* 131 Cal.App.3d at p. 240; *People* v. *Lambeth* (1980) 112 Cal.App.3d 495, 501 [169 Cal.Rptr. 193].)

The judgment is affirmed.

Evans, Acting P. J., and Sparks, J., concurred.