**Silvio Ernesto RUIZ–MORALES, a/k/a Silvio Ernesto Ruiz, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–70693.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 5, 2004.

Filed March 24, 2004.

---

Brian D. Lerner, Carson, CA, for the petitioner.

Jennifer L. Lightbody, (briefed), William C. Erb, Jr., (argued), United States Department of Justice, Office of Immigration Litigation, Washington, DC, for the respondent.

Before: TROTT, RAWLINSON, and BEA, Circuit Judges.

RAWLINSON, Circuit Judge:

Silvio Ernesto Ruiz–Morales's protestations to the contrary, we hold that the California crime of mayhem is an aggravated felony, depriving us of jurisdiction to review his challenge to the Board of Immigration Appeals's (BIA) ruling finding him removable, and denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

## I. Background

Ruiz–Morales is a native and citizen of Nicaragua, and a lawful permanent resident.

In 1996, Ruiz–Morales fought with a man outside a restaurant, and after the man punched him, Ruiz–Morales bit off the top quarter of the man's ear. Ruiz–Morales was subsequently convicted of mayhem under Cal.Penal Code § 203, and sentenced to a two-year term of imprisonment.

The Immigration and Naturalization Service (INS) charged Ruiz–Morales with being removable as an alien convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).[1] The Immigration Judge (IJ) agreed with the INS that the

---

1. Pursuant to the Department of Homeland Security Reorganization Plan, as of March 1, 2003, the INS was abolished and its functions were transferred to the Department of Home- land Security. *See* 6 U.S.C. § 542. Because the agency was known as the INS while the IJ and BIA considered Ruiz–Morales's case, we refer to it as the INS.

mayhem conviction was an aggravated felony, and ordered Ruiz–Morales removed from the United States. The IJ denied Ruiz–Morales's applications for asylum and withholding of removal, and his request for relief under the CAT. The BIA affirmed the IJ's decision, and Ruiz–Morales filed a timely petition for review.

## II. Standard of Review

■ "We determine our own jurisdiction de novo." *Rosales–Rosales v. Ashcroft*, 347 F.3d 714, 716 (9th Cir.2003) (citation omitted). Additionally, we apply de novo review to "the issue of whether a particular offense constitutes an aggravated felony." *Id.* at 717 (citation omitted).

## III. Analysis

### A. Jurisdiction

■ "Although a court of appeals has authority to review final removal orders under ... 8 U.S.C. § 1252(a)(1), Congress eliminated jurisdiction to review a final order of removal against an alien who is removable by reason of having committed an aggravated felony as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996." *Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1064 (9th Cir. 2003) (citing 8 U.S.C. § 1252(a)(2)(C)). Specifically, § 1252(a)(2)(C) bars our jurisdiction by providing that:

Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. § ] 1227(a)(2)(A)(iii) ...

Section 8 U.S.C. § 1227(a)(2)(A)(iii) covers "[a]ny alien who is convicted of an aggravated felony at any time after admission ..." However, we have jurisdiction to consider whether or not we have jurisdiction over Ruiz–Morales's petition. *See Lara–*

*Chacon v. Ashcroft*, 345 F.3d 1148, 1151 (9th Cir.2003). Specifically, we have jurisdiction to assess whether Ruiz–Morales's conviction for mayhem qualifies as an aggravated felony. *See id.*

An "aggravated felony" is "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). A "crime of violence" is either: (1) "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 16(a); or (2) "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

Ruiz–Morales admitted that he was convicted by a jury of mayhem, under Cal.Penal Code § 203, and sentenced to a two-year term of imprisonment. The California law proscribing mayhem, Cal.Penal Code § 203, provides:

Every person who unlawfully and maliciously deprives a human being of a member of his body, or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear, or lip, is guilty of mayhem.

Our task, then, is to determine whether or not mayhem is a crime of violence, thereby constituting an aggravated felony.

■ To determine whether an offense qualifies as aggravated felony, we begin by conducting a facial review of the statutory definition of the prior offense: "we first make a categorical comparison of the elements of the statute of conviction to the generic definition, and decide whether the conduct proscribed by the statute of conviction is broader than, and so does not

categorically fall within, this generic definition." *Lara–Chacon*, 345 F.3d at 1151 (citation omitted). If the state statute is over-inclusive, meaning that "conduct that does and does not qualify as an aggravated felony" is criminalized, we analyze the statute under a modified categorical approach. *Id.* at 1152. "Under the modified categorical approach, we conduct a limited examination of documents in the record to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute was facially over-inclusive." *Id.* (citation omitted).

Ruiz–Morales contends that a violation of Cal.Penal Code § 203 is not a crime of violence, because physical force is not an element of the crime under the statute. However, Ruiz–Morales's argument overlooks the second definition of a crime of violence included in 18 U.S.C. § 16(b): any felony that "by its nature, involves a substantial risk that physical force against the person ... may be used in the course of committing the offense."

 The statutory definition of mayhem necessarily implies a "substantial risk that physical force" may be used in the course of committing the offense. Because " '[c]rime of violence' is not a traditional common law crime[,] ... it can only be construed by considering the ordinary, contemporary, and common meaning of the language Congress used in defining the crime." *United States v. Trinidad–Aquino*, 259 F.3d 1140, 1144 (9th Cir.2001). Notwithstanding petitioner's heroic efforts to concoct an example of mayhem involving no physical force, depriving another person of a member of his body, or disabling, disfiguring, or rendering it useless, quintessentially involves a substantial risk that physical force will be used in the process of committing the offense. *See* 18 U.S.C. § 16(b).

More importantly, the state of California expressly defines mayhem as a "violent felony." *See* Cal.Penal Code § 667.5(c)(2); *see also People v. Reed*, 157 Cal.App.3d 489, 492, 203 Cal.Rptr. 659 (1984) (describing mayhem as "a crime involving destructive violence toward another"); *Garcia–Lopez v. Ashcroft*, 334 F.3d 840, 846 (9th Cir.2003) (holding that a state court's designation of a criminal offense as either a felony or a misdemeanor is binding in immigration cases). In short, we are convinced that a mayhem conviction under Cal.Penal Code § 203 qualifies as a crime of violence, rendering it an aggravated felony.

## IV. Conclusion

Because Ruiz–Morales is an alien convicted of an aggravated felony, 8 U.S.C. § 1252(a)(2)(C) bars this Court from reviewing his claims, including the constitutional and statutory contentions raised in his petition for review. Ruiz–Morales's petition is DISMISSED for lack of jurisdiction.