**Pablo CAMACHO–BARAJAS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72062.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 2003.

Decided May 4, 2004.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Michelle R. Slack, Carolyn Piccotti, Washington, DC, for Respondent.

Before: KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Pablo Camacho–Barajas petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). Camacho–Barajas argues that he is not subject to removal because his conviction under Cal.Penal Code § 647.6 does not constitute "sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A), and is therefore not an aggravated felony rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review a final order of removal against an alien who is removable for having been convicted of an aggravated felony. However, we retain jurisdiction to determine whether the jurisdictional bar applies. *Randhawa v. Ashcroft,* 298 F.3d 1148, 1152 (9th Cir.2002).

Camacho–Barajas is correct that a conviction under Cal.Penal Code § 647.6 is not a conviction for an aggravated felony under the categorical approach of *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). We so held in *United States v. Pallares–Galan,* 359 F.3d 1088 (9th Cir.2004), observing that § 647.6 "reaches not only conduct that would constitute the aggravated felony of 'sexual abuse' but conduct that would not." *Id.* at 1102–03.

The government does not argue that we should apply a "modified categorical approach," and we are unable to undertake such an analysis because there are no documents in the record that provide any details about Camacho–Barajas's crime. *See Ruiz–Morales v. Ashcroft,* 361 F.3d 1219, 1222 (9th Cir.2004) (describing a modified categorical analysis).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

532

We therefore grant Camacho–Barajas's petition and vacate the pending order of removal.

**PETITION GRANTED.**