**Patrick Ervard FAVI, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–71910.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2005.

Decided April 1, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Deborah S. Smith, Reynolds Motl & Sherwood, Helena, MT, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the Deputy Chief Counsel, Department of Homeland Security/ICE, Helena, MT, Michele Y.F. Sarko, Attorney, Jennifer Paisner, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, MCKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM**

Patrick Ervard Favi, a native and citizen of Benin, petitions the court for review of the BIA's affirmance of the IJ's denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We find that we have jurisdiction under 8 U.S.C. § 1252(a), and we grant the petition for review in part and remand in order that the BIA may clarify its intent in adopting certain portions of the IJ's decision. As the parties are familiar with the facts of the case, we do not recite them in detail here.

## I.

■ The government contends that this court is without jurisdiction pursuant to the jurisdiction-stripping provision at 8 U.S.C. § 1252(a)(2)(C) because petitioner was previously convicted of two offenses involving possession of marijuana paraphernalia in violation of Montana law on January 11 and July 12, 1999. We hold that the present case is governed by our recent decision in *Unuakhaulu v. Ashcroft*, 398 F.3d 1085 (9th Cir.2005).

At his hearing, petitioner conceded deportability, but applied for asylum, withholding of removal, and CAT relief. The IJ considered these claims on the merits, determining that petitioner had not met his burden of demonstrating eligibility for any of these forms of relief. The BIA affirmed these determinations, again on the merits and without reference to petitioner's drug convictions as bars to any of the forms of relief. Because the BIA "did not predicate its denial" of asylum, withholding, and CAT relief on Favi's drug convictions, we have jurisdiction to consider the petition on its merits. *Id.* at 1090.[1]

## II.

■ At his hearing before the IJ, petitioner presented two theories of relief.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. At oral argument, the government argued that *Ruiz–Morales v. Ashcroft*, 361 F.3d 1219 (9th Cir.2004), stands for the proposition that where a person is removable and removed because of an aggravated felony, jurisdiction is stripped as to *any* petition for review of denial of *any* relief by the BIA. Yet it is unclear from the opinion in *Ruiz–Morales* whether the BIA's denial of claims for asylum, withholding, and CAT relief was "predicated on" the commission of the aggravated felony in that case. We therefore find that the more specific pronouncement in *Unuakhaulu* governs the current case.

First, he has applied for asylum and withholding because of his fear of persecution by his father. He claims membership in a social group defined as sons of fathers in the Ogun tribe, which practices severe forms of punishment for discipline. Second, he states a derivative claim based on his mother's fear of persecution by the Beninese government because of her knowledge of embezzlement of World Bank funds by government officials many years ago.

Upon review of the IJ's decision, the BIA adopted "the Immigration Judge's decision insofar as he determined from pages 4 through 17 and 20 of the decision that the respondent has not established eligibility for the relief from the removal he seeks." Because in this case the BIA expressly adopted the findings and rationale of the IJ's decision stated on pages 4–17 and 20, the court reviews those portions of the IJ decision as if written by the BIA. *Gonzalez v. INS*, 82 F.3d 903, 907 (9th Cir.1996). The BIA's decision that Favi did not establish eligibility for asylum is reviewed under the substantial evidence standard. *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004).

The portions of the IJ's decision adopted by the BIA clearly reject the derivative claim based on potential mistreatment of his mother by the Beninese government. We conclude that this determination was supported by substantial evidence, and deny the petition for review insofar as it seeks review of this determination.

■ Next, the IJ found that "it is very possible that [Favi's] father might punish him if he returns to Benin," and that the "nature of the discipline would be more severe using special rubber whips made out of automotive belts." Without determining whether such treatment would or would not constitute persecution, the IJ went on to find that Favi had failed to demonstrate that the persecution would be "on account of" his membership in a particular social group.

In its brief and at oral argument, the government concedes that the BIA had refused to adopt the IJ's finding that the persecution was not "on account of" one of the five protected grounds, despite the fact that the bottom of page 17 of the IJ's decision, apparently adopted by the BIA, states that:

> The Court finds that there is a problem with these claims as to the relationship to one of the five grounds. The Court does not really find that the harm that is feared to the respondent in Benin has been properly related to any one of the five grounds.

The IJ then went on to explain in that same paragraph the deficiency as to the "on account of" requirement on pages of his opinion that were *not* adopted by the BIA.

Although we are not bound by the government's interpretation of the BIA decision, we will accept the government's conclusion that the BIA's intent with respect to the "on account of" prong is at least ambiguous. Without a finding that there was no proper nexus to a protected ground, the IJ's decision would be left with a tacit finding of persecution without a finding one way or the other as to protected ground. We therefore grant the petition for review so that the BIA may clarify its position.[2]

2. We do not make the determination that Favi is in fact eligible for relief; we simply remand so that the BIA may make the determination in the first instance and provide a thorough and clear analysis of the record and the IJ's decision in an opinion that can be intelligently reviewed by this court.

**PETITION GRANTED IN PART, DE-NIED IN PART, AND REMANDED.**