**Jose FAJUGON–HURGUILLA,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 04–73563.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2006.

Filed March 31, 2006.

---

Jose Fajugon–Hurguilla, Edc–Eloy Detention Center, Eloy, AZ, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Oil, Doj—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, PAEZ, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Jose Fajugon–Hurguilla ("Fajugon") petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming two separate orders of an Immigration Judge ("IJ"). The IJ instructed Fajugon that he was ineligible to apply for asylum, but set a deadline for Fajugon to file an application for withholding of removal and relief under the Convention Against Torture. Fajugon failed to file a timely application, and the IJ ordered him removed. Fajugon then filed a joint motion with the Government to reopen his removal proceedings, which the IJ denied. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition, vacate the removal order, and remand.

The IJ ruled that Fajugon was ineligible to apply for asylum because of his conviction under Cal. Health & Safety Code § 11352(a). We review de novo whether an offense qualifies as an aggravated felony. *Ruiz–Morales v. Ashcroft*, 361 F.3d 1219, 1221 (9th Cir.2004). The IJ's ruling was in error. A conviction under § 11352(a) is not per se an aggravated felony, *see United-*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

ed States v. Rivera–Sanchez, 247 F.3d 905, 909 (9th Cir.2001) (en banc), and the judicially noticeable documents in the record do not establish that Fajugon was convicted of a drug trafficking offense, rather than a solicitation offense. We therefore hold that Fajugon is not ineligible for asylum under 8 U.S.C. § 1158(b)(2)(A)(ii).

Because we hold that the IJ erred in denying Fajugon the opportunity to apply for asylum on § 1158(b)(2)(A)(ii) grounds, we vacate the removal order and remand to the BIA with instructions to remand to the IJ for further proceedings. On remand, Fajugon may apply for asylum and any other forms of relief he deems appropriate. In light of this remedy, we need not address Fajugon's remaining claims of error.

We **GRANT** the petition for review, **VACATE** the removal order, and **REMAND** for further proceedings consistent with this memorandum.

---

of this circuit except as provided by Ninth Cir. R. 36–3.