**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS GARCIA TELLEZ,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC HOLDER, Attorney General,<br><br>    Respondent. | No. 07-72366<br><br>Agency No. A78-058-025<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals
Argued October 6, 2009
Submitted September 28, 2011
San Francisco, California

Before:    GOODWIN and PAEZ, Circuit Judges, and LEIGHTON,[**] District
Judge.

    Jesus Garcia Tellez, a native and citizen of Mexico, petitions for review of

an order of the Board of Immigration Appeals (BIA).  We have jurisdiction under 8

---

    [*]    This disposition is not appropriate for publication and may not be cited to or
by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Ronald B. Leighton, United States District Judge for the
Western District of Washington, sitting by designation.

U.S.C. § 1252, and we grant the petition. We review the BIA's factual findings for substantial evidence. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995). We review *de novo* the BIA's legal conclusions, including whether an offense constitutes an aggravated felony. *Id.; Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1221 (9th Cir. 2004).

Garcia Tellez exhausted his administrative remedies by challenging the immigration judge's conclusion that his state conviction was an aggravated felony. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (holding that raising an issue before the BIA is all that is required to satisfy the exhaustion requirement).

Garcia Tellez's conviction under California Health and Safety Code § 11378 is not a categorical aggravated felony because "California law regulates the possession and sale of many substances that are not regulated by the [Controlled Substances Act]." *Cheuk Fung S-Yong v. Holder*, 600 F.3d 1028, 1034 (9th Cir. 2010); *see, e.g., Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007) (finding that § 11379, which regulates the same drugs as § 11378, regulates substances not covered by the Controlled Substances Act).

The BIA examined Garcia Tellez's conviction documents and determined, under the modified categorical approach, that his state conviction constituted an

aggravated felony. We review this determination *de novo*. *Ruiz-Morales*, 361 F.3d at 1221-22.

To identify a conviction as an aggravated felony under the modified categorical approach when the only documents in the conviction record are a felony complaint and judgment, "the judgment must contain the critical phrase 'as charged in the information.'" *Fregozo v. Holder*, 576 F.3d 1030, 1040 (9th Cir. 2009) (quoting *United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc)). The clerk's minute order does not indicate whether Garcia Tellez pled guilty to the offense as charged in the felony complaint. Because his conviction record is inconclusive, Garcia Tellez has met his burden to prove he is not barred from relief on the grounds of an aggravated felony conviction. *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1130 (9th Cir. 2007).

We have jurisdiction to review *de novo* whether the BIA applied the correct legal standard in determining whether Garcia Tellez was convicted of a "particularly serious crime." *Afridi v. Gonzales,* 442 F.3d 1212, 1218 (9th Cir. 2006), *overruled on other grounds by, Estrada-Espoinza v. Mukasey*, 546 F.3d 1147, 1160 n. 15 (9th Cir. 2008) (en banc). Because the BIA erred in finding that Garcia Tellez was convicted of an aggravated felony, it applied the wrong legal standard when it applied the presumption from *Matter of Y-L*, 23 I. & N. Dec. 270

3

(2002), that a drug trafficking aggravated felony presumptively constitutes a particularly serious crime.

The BIA's conclusion that Garcia Tellez failed to demonstrate he would more likely than not be tortured if returned to Mexico is supported by substantial evidence. *Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008) (holding that to establish a likelihood of torture under the Convention Against Torture, a petitioner must show that severe pain and suffering was specifically intended, and that conditions in the Mexican mental health system do not arise from a deliberate intent to inflict harm).

We remand this case to the BIA to determine whether Garcia Tellez has been convicted of a particularly serious crime, and if he has not, whether he is eligible for asylum or withholding of removal.

The petition for review is

**GRANTED**.