NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 13 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUEL SANCHEZ-MENDOZA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   15-73387

Agency No. A200-245-305

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2022**
Pasadena, California

Before:  MURGUIA, Chief Judge, and GRABER and BEA, Circuit Judges.

Petitioner, Manuel Sanchez-Mendoza, petitions for review of the Board of

Immigration Appeals' ("BIA") dismissal of his claim for withholding of removal.

"We determine our own jurisdiction de novo." *Ruiz-Morales v. Ashcroft*, 361 F.3d

1219, 1221 (9th Cir. 2004) (citation omitted).  "A petitioner's failure to raise an issue

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam). For the following reasons, we dismiss the petition.

The BIA held that Sanchez-Mendoza made no assertion of clear error in the immigration judge's ("IJ") adverse credibility finding and, therefore, the issue was deemed waived. Sanchez-Mendoza argues, however, that the IJ did not make an explicit adverse credibility finding, so he did not need to raise the issue before the BIA. "[T]he law of this circuit does not permit implicit adverse credibility determinations." *Shoafera v. INS*, 228 F.3d 1070, 1074 n.3 (9th Cir. 2000). An IJ must identify specific, cogent reasons supporting an adverse credibility determination. *Perez-Arceo v. Lynch*, 821 F.3d 1178, 1186–87 (9th Cir. 2016).

Here, the IJ made an explicit adverse credibility finding. In a separate section titled "Analysis and Findings," the IJ included a subsection titled "Credibility." In the "Credibility" section, the IJ stated that, "[a]fter considering the totality of the evidence, the Court is no[t] satisfied that [Sanchez-Mendoza] has provided credible testimony." The IJ pointed to Sanchez-Mendoza's inconsistent testimony concerning his departures from the United States and multiple reentries. The IJ further noted the inconsistencies in Sanchez-Mendoza's testimony concerning when and how he was threatened in Mexico. Accordingly, the IJ made an adverse credibility finding and provided specific and cogent reasons supporting the

2

determination. *Id.* at 1186–87. Because the IJ made an adverse credibility finding, Sanchez-Mendoza was required to challenge the finding before the BIA in order to exhaust his claim for withholding of removal. 8 U.S.C. § 1252(d)(1); *Sola*, 720 F.3d at 1134. Sanchez-Mendoza failed to do so. Therefore, we lack jurisdiction to review the IJ's adverse credibility finding. *Sola*, 720 F.3d at 1135 (9th Cir. 2013) (dismissing petition for lack of jurisdiction).

**PETITION DISMISSED**.