NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN CARLOS JAIMEMADA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-937

Agency No.
A205-312-771

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025[**]
Pasadena, California

Before: PAEZ and R. NELSON, Circuit Judges, and LASNIK, District Judge.[***]

Juan Carlos Jaime Mada ("Jaime"), a native and citizen of Mexico, petitions

for review of an order by the Board of Immigration Appeals ("BIA" or "Board")

dismissing his appeal from an immigration judge ("IJ") decision denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

cancellation of removal under 8 U.S.C. § 1229b(b)(1). We deny the petition for review.

Our jurisdiction to review final orders of removal derives from 8 U.S.C. § 1252(a)(1). However, 8 U.S.C. § 1252(a)(2)(B)(i) bars our review of "any judgment regarding the granting of relief under section . . . 1229b." *See Patel v. Garland*, 596 U.S. 328, 332–33 (2022). As Jaime's claims arise under § 1229b, we lack jurisdiction to review them except to the extent that he identifies legal or constitutional errors, over which the statute restores jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). We review de novo legal issues, including questions concerning our own jurisdiction. *See Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1221 (9th Cir. 2004).

The IJ found that Jaime meets the eligibility criteria for § 1229b(b)(1) cancellation of removal, so the sole issue presented by the petition for review is whether the agency erred in deciding that Jaime did not merit a favorable exercise of discretion. Jaime argues that the agency's discretionary analysis is erroneous because it 1) assigned insufficient weight to the hardship Jaime's children would face upon his removal, 2) mischaracterized his criminal history, 3) incorrectly treated remorse as a precondition for a favorable exercise of discretion and, relatedly, failed to properly consider evidence of rehabilitation. Jaime also asserts that the Board's alleged errors resulted from its failure to conduct a de novo review

of the IJ's exercise of discretion.

None of Jaime's asserted legal errors are supported by the record. First, Jaime argues that the agency mischaracterized his three criminal convictions. Concerning his conviction under Cal. Penal Code § 647.6(a)(2), Jaime argues that the agency erred in describing it as involving a child, even though the elements of the offense contemplate an adult. He also argues that the BIA erred in characterizing his offenses under Cal. Penal Code § 647(b) and § 647(d), which relate to solicitation of prostitution, as sexual in nature. With respect to both offenses, the BIA and the IJ properly considered the convictions and the underlying conduct.

Second, Jaime argues that the BIA erred legally in requiring him to admit guilt and express remorse for his past convictions. However, there is no record evidence that the BIA treated the admission of guilt and expression of remorse as a precondition, rather than just one factor among others weighing against the favorable exercise of discretion. *Cf. Mendez-Moralez*, 21 I. & N. Dec. 296, 305 (BIA 1996).

Third, while the Board's application of an incorrect standard of review would constitute a legal error, the Board's decision reflects that it conducted a de novo review. *See Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). Indeed, the Board explicitly noted its obligation to conduct a de novo review of the

IJ's discretionary decision and engaged in a two-page discussion of the relevant factors.

The remaining alleged errors concern factual findings or the pure exercise of discretion, involving weighing discretionary factors, which we may not review. *See Monroy v. Lynch*, 821 F.3d 1175, 1177–78 (9th Cir. 2016) (per curiam).

**DENIED.**[1]

---

[1] Jaime's motion to stay removal, Dkt. 8, is denied as moot. The temporary stay of removal shall remain in place until the mandate issues. *See* 9th Cir. Gen. Ord. 6.4(c).