**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FODAY SILLAH,
                    *Petitioner,*

          v.

MICHAEL B. MUKASEY, Attorney
General,
                    *Respondent.*

No. 06-73857

Agency No.
A95-588-386

ORDER AND
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 4, 2007—Seattle, Washington

Filed March 27, 2008

Before: M. Margaret McKeown and Richard R. Clifton,
Circuit Judges, and William W Schwarzer,* District Judge.

Per Curiam Opinion

---

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

## COUNSEL

Vicky Dobrin and Hilary A. Han, Dobrin & Han, PC, Seattle, Washington, for the petitioner.

Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent.

## ORDER

The memorandum disposition filed on February 7, 2008 is withdrawn and the Clerk is ordered to file the attached opinion in its place.

**OPINION**

PER CURIAM:

Foday Sillah, a native and citizen of Sierra Leone, applied for asylum, withholding of removal and relief under the Convention Against Torture (CAT). The Immigration Judge (IJ) denied relief and the Board of Immigration Appeals (BIA) dismissed Sillah's appeal. We hold that we lack jurisdiction to review the denial of the application for asylum and deny the petition for review with respect to withholding of removal.[1]

I.

Sillah contends first that the IJ erred in finding that he failed to demonstrate that his asylum application was timely filed. The government argues that we have no jurisdiction to review the IJ's timeliness determination. We determine our jurisdiction de novo. *Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1221 (9th Cir. 2004) (citation omitted).

**[1]** An applicant for asylum must "demonstrate[ ] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). The statute further provides that "[n]o court shall have jurisdiction to review any determination under paragraph (2)." Under the REAL ID Act, however, we have jurisdiction to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D). A "question of law" includes an issue of statutory construction as well as the application of law to undisputed facts. *Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007).

Sillah contends that we have jurisdiction to review the IJ's timeliness determination as a question of law. Citing *Ramadan*, he argues that given the IJ's finding that his testimony

---

[1]Sillah does not challenge the denial of relief under the CAT.

in other respects was credible and that his testimony as to his arrival date was not disputed, the issue of the sufficiency of evidence presented a question of law reviewable by this court. The government responds that, to the contrary, because Sillah had not presented clear and convincing evidence of the date of his arrival in the United States, that date remained a disputed question of fact and therefore not subject to review.

**[2]** We agree with the government. The IJ found Sillah's testimony insufficient to establish by clear and convincing evidence that he arrived in the United States on May 29, 2002, because he could not remember the name of the person whose fraudulent passport and visa he used and claimed he was never questioned by an immigration officer either upon departing Sierra Leone or upon entering the United States, and because his testimony lacked corroboration. Because his arrival date could not be considered to be an undisputed fact, we have no jurisdiction. We therefore dismiss the petition seeking review of the BIA's denial of Sillah's asylum application for lack of jurisdiction.

II.

Sillah also challenges the denial of his claim for withholding of removal. Where, as here, the BIA adopts the IJ's findings, we review those findings for substantial evidence. *Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir. 2004). "A denial must be upheld if supported by 'reasonable, substantial and probative evidence' in the record." *Id.* (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). The substantial evidence standard of review is "highly deferential" to the BIA, *Pal v. INS*, 204 F.3d 935, 937 n.2 (9th Cir. 2000), and for us to disturb the BIA's decision, Sillah must show that "the evidence not only *supports* . . . but *compels*" reversal. *Elias-Zacarias*, 502 U.S. at 481 n.1 (emphasis in original).

**[3]** An alien may not be removed to a country where his "life or freedom would be threatened in that country because

of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Where the applicant has suffered past persecution, there is a rebuttable presumption that the applicant's life or freedom would be threatened in the future on the basis of the original claim. 8 C.F.R. § 208.16(b)(1). The presumption may be rebutted if the IJ finds by a preponderance of the evidence that there has been a fundamental change in circumstances such that the applicant's life or freedom is no longer threatened. *Id.*

The IJ found that Sillah was entitled to a presumption of a well-founded fear of future persecution by the Revolutionary United Front ("RUF") if he were returned to Sierra Leone. However, the IJ found that the evidence submitted by the parties rebutted the presumption and established that country conditions were materially changed so that there was no reasonable possibility that Sillah would be persecuted if he were returned. The IJ's decision was based on evidence that the civil conflict in Sierra Leone had ended in 2002, when the government Sillah supported was restored to power. A large U.N. peacekeeping force asserted control over the whole country at that time. The RUF and the government-allied militia also completed disarmament in 2002, and international monitors declared that year's elections to be free and fair. The U.N. planned a complete withdrawal of peacekeepers by December 2004. Political killings have ceased and more than 60 RUF rebels are in custody awaiting trial. The IJ found there was no evidence that former RUF rebels were still targeting civilians because they supported President Kabbah, the candidate Sillah supported at the time of his persecution.

Sillah argues that evidence of fewer abuses by the RUF is not sufficient to rebut the presumption that he faces future persecution. *See Borja v. INS*, 175 F.3d 732, 738 (9th Cir. 1999) (holding country conditions were not changed where evidence merely showed that revolutionary group was committing "fewer" killings). Sillah points to a State Department

human rights report that there have been "some reports" of abuses by RUF rebels and that rebels continue to hold captives as laborers or sex slaves. Sillah also relies on a statement by a U.N. spokesperson that stability in Sierra Leone is "fragile." Finally, he points to a report by the International Crisis Group that "true peace and stability [in Sierra Leone] are still far off."

**[4]** Although there is evidence that the RUF may still be committing some abuses, the facts are not compelling as in *Borja* and do not warrant reversal. In *Borja*, the revolutionary group that had threatened the applicant, although declining in numbers, was still committing politically-motivated killings and was targeting business figures like the applicant. *Id*. In contrast, the evidence here does not compel the conclusion that the RUF would target Sillah upon his return to Sierra Leone. It was reasonable for the IJ to conclude that circumstances in Sierra Leone have changed such that Sillah's life and freedom are no longer threatened. We therefore deny the petition in so far as it seeks review of the BIA's decision denying withholding of removal.

DISMISSED IN PART; DENIED IN PART