Harbhajan SINGH, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–74418.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2008.\*

Filed May 7, 2008.

Tsz–Hai Huang, Zeena Batliwalla, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Arthur F. Norton, U.S. Department of Justice, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, NOONAN and CALLAHAN, Circuit Judges.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Harbhajan Singh petitions for review of Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision denying Singh's application for asylum, concluding that he failed to satisfy his burden of proving that he filed his asylum application within a year of entry and denying withholding of removal and relief under the Convention Against Torture ("CAT").

We lack jurisdiction to review the IJ's and BIA's factual determinations that Singh did not meet the one-year deadline and did not qualify for an exception to the deadline for filing his asylum application. *See Sillah v. Mukasey*, 519 F.3d 1042 (9th Cir.2008). Therefore we dismiss the portion of Harbhajan Singh's petition challenging the denial of asylum.

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review Harbhajan Singh's claims for withholding of removal and CAT protection. We review the BIA's decision for substantial evidence, a deferential standard under which it must be upheld unless the evidence compels a contrary result. *See Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004). The IJ's adverse credibility determination was supported by substantial evidence. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004); *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004). On this record, we are not compelled to reach a different result. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir.2004).

**PETITION DISMISSED IN PART AND DENIED IN PART.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.