**Paul Alexander WUYSANG, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 05–74062.

United States Court of Appeals, Ninth Circuit.

Submitted July 16, 2008.\*\*

Filed July 21, 2008.

Vera A. Weisz, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anne Murphy, U.S. Department of Justice, Oil, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, D.C., for RESPONDENT.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM \*\*\*

Paul Alexander Wuysang (Wuysang) petitions for review of a Board of Immigration Appeals (BIA) decision affirming the immigration judge's (IJ) denial of his applications for withholding of removal and relief under Article 3 of the Convention Against Torture (CAT). We review for substantial evidence, *Sillah v. Mukasey*, 519 F.3d 1042, 1044 (9th Cir.2008), and we deny the petition.

With respect to the claim for withholding of removal, the harm experienced by Wuysang and his family is insufficient to compel a finding of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1181–82 (9th Cir.2003). Moreover, even assuming that the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004), applies to all Indonesian Christians and in the context of withholding of removal, Wuysang cannot demonstrate a "clear probability, i.e., that it is more probable than not-that he would suffer future persecution." *Hoxha*, 319 F.3d at 1185 (citation omitted).

Wuysang has waived any challenge to the IJ's denial of CAT relief. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir.2007) ("Issues raised in a brief that are not supported by argument are deemed abandoned. Furthermore, an issue re-

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ferred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived.") (citation omitted).

Finally, Wuysang argues that the IJ violated his due process rights by "predeciding" his case, as evidenced by the IJ's request for and citation to the 2003 International Religious Freedom Report. However, the IJ cited not only to that report, but to Wuysang's testimony and other documents submitted by Wuysang in support of his applications. Because the IJ's review of the evidence in the record was "sufficiently thorough, [Wuysang] fails to demonstrate that his due process rights were violated." *See Fakhry v. Mukasey,* 524 F.3d 1057, 1066 n. 12 (9th Cir.2008) (citation omitted).

**PETITION DENIED.**