JIANHONG MA; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 03–73761.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed Aug. 5, 2008.

Daniel P. Hanlon, Hanlon & Greene, Pasadena, CA, for Petitioners.

Joshua E. Braunstein, Benjamin J. Zeitlin, DOJ–U.S. Department of Justice, Washington, DC, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Jianhong Ma and husband Hong Duan, Chinese natives and citizens, petition for review of the Board of Immigration Appeals's decisions affirming the Immigration Judge's decision denying their applications for asylum and withholding of removal.

Ma asserts that the IJ erred by not properly applying the " 'extraordinary circumstances' " exception to the one-year filing deadline for her asylum application, thus committing a due process violation. *See* 8 C.F.R. § 1208.4(a)(2), (a)(5)(iv); *see generally* 8 U.S.C. § 1158(a)(2)(B), (a)(2)(D). We have no jurisdiction to review this timeliness issue because the IJ concluded that the asylum application was time-barred after resolving a factual dispute related to the validity of Ma's visa status. *See Sillah v. Mukasey,* 519 F.3d 1042, 1043–44 (9th Cir.2008) (per curiam); *cf. Husyev v. Mukasey,* 528 F.3d 1172, 1179 (9th Cir.2008); *Ramadan v. Gonzales,* 479 F.3d 646, 648, 654 (9th Cir.2007)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(per curiam), *reh'g and reh'g en banc denied by Ramadan v. Keisler,* 504 F.3d 973 (9th Cir.2007). This is in contrast to *Dhital v. Mukasey,* 532 F.3d 1044, 1049–50 (9th Cir.2008), where the legal argument was not dependent on the outcome of a factual dispute. Furthermore, we have held that attempts such as Ma's effort to fashion her argument against the IJ's discretionary decision as a due process argument fail to afford us with jurisdiction. *See, e.g., Bazua–Cota v. Gonzales,* 466 F.3d 747, 748–49 (9th Cir.2006) (per curiam).

We have jurisdiction to review the withholding of removal claim pursuant to 8 U.S.C. § 1252 and review for substantial evidence. *See, e.g., Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004).

Ma argues that the IJ erred by making an adverse credibility determination. We disagree. "[C]redibility findings will be upheld unless the evidence *compels* a contrary result." *Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007) (emphasis in original); *see also* 8 U.S.C. § 1252(b)(4)(B). There is substantial evidence to support the IJ's adverse credibility determination. It was premised on the petitioners' inconsistent testimony on a matter going to the heart of their claim—whether Ma and Duan had a permit for the child born in the United States. *See, e.g., Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir. 2007). The evidence does not compel us to disagree with the IJ's finding. *See Don,* 476 F.3d at 741; 8 U.S.C. § 1252(b)(4)(B).

Because we uphold the IJ's adverse credibility finding, we uphold the IJ's denial of withholding of removal.

**PETITION FOR REVIEW DENIED.**