Guadalupe **ORTIZ–PRECIADO,**
Petitioner,

v.

Michael B. **MUKASEY,*** Attorney General, Respondent.

No. 07–71795.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.**

Filed Sept. 23, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David A. Schlesinger, Esquire, Guerrero Jacobs & Schlesinger LLP, San Diego, CA, for Petitioner.

David V. Bernal, Esquire, Anthony P. Nicastro, Esquire, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, Lindsay Elizabeth Williams, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM ***

Guadalupe Ortiz–Preciado, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision adopting in part and affirming the immigration judge's decision denying his application for cancellation of removal as a lawful permanent resident under 8 U.S.C. § 1229(a). Ortiz–Preciado contends that IJ erred as a matter of law in considering certain evidence in the discretionary denial of cancellation of removal. Respondent has filed a motion to dismiss the petition for lack of jurisdiction. We deny both the motion to dismiss and the petition for review.

■ We reject respondent's contention that we lack jurisdiction because Ortiz–Preciado challenges only the discretionary denial of relief. Although 8 U.S.C. § 1252(a)(2)(B)(i) deprives us of jurisdic-

*** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

tion to review the IJ's and BIA's discretionary decision, we retain jurisdiction under § 1252(a)(2)(D) to review questions of law and constitutional claims. *Castro de Mercado v. Mukasey,* 539 F.3d 1102, 1105–06 (9th Cir.2008). Ortiz–Preciado's argument that consideration of certain evidence is not permitted in a discretionary determination under § 1252b(a) presents a reviewable question of law. *See Sillah v. Mukasey,* 519 F.3d 1042, 1043 (9th Cir. 2008) (per curiam) (stating that "[a] 'question of law' includes an issue of statutory construction as well as the application of law to undisputed facts"); *cf. Castro de Mercado,* 539 F.3d at 1105–06 (holding that court lacks jurisdiction to consider evidentiary issue that simply is argument that IJ erred in discretionary determination). We therefore deny respondent's motion to dismiss.

 Ortiz–Preciado contends that the IJ erred in considering his criminal and immigration record prior to the INS's decision in 1995 to adjust his status to lawful permanent resident because consideration of this evidence was contrary to Board precedent. *See Medina–Morales v. Ashcroft,* 371 F.3d 520, 532 (9th Cir.2004) (holding that BIA ruling that directly contradicted BIA precedent was legal error). We do not agree that *Matter of Sotelo–Sotelo,* 23 I. & N. Dec. 201 (BIA 2001), and *In re C–V–T–,* 22 I. & N. Dec. 7 (BIA 1998), hold that only recent criminal and immigration violations may be considered. *Choe v. INS,* 11 F.3d 925 (9th Cir.1993) (holding that adjustment of status bars later deportation for initial entry with preconceived intent to remain), also is not on point.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Ortiz–Preciado contends that the IJ erred in considering his sharing a residence with and financially supporting undocumented aliens. He disagrees with the Board's conclusion that any error in the IJ's characterization of him as a harborer of illegal aliens was harmless. We conclude that the IJ's consideration of these matters was not contrary to Board precedent and was not legal error. *See Matter of Sotelo–Sotelo,* 23 I. & N. Dec. at 203–04 (recognizing that Board must balance positive and adverse factors to determine whether discretion should be favorably exercised).

**MOTION TO DISMISS DENIED; PETITION FOR REVIEW DENIED.**