**Sally TRAVASSOS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–71298.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 19, 2008.*

Filed Oct. 30, 2008.

Albert C. Lum, Esq., Law Office of Albert C. Lum, Las Vegas, NV, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Office of the U.S. Attorney, Sacramento, CA, Virginia Lum Fax, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, SKOPIL, and HALL, Circuit Judges.

**MEMORANDUM** **

Sally Travassos, a native and citizen of India, sought asylum, withholding of re-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

moval and Convention Against Torture (CAT) relief. An immigration judge (IJ) denied relief after concluding that Travassos did not have a reasonable fear of future persecution or torture in India. We deny the petition.

## DISCUSSION

■ Travassos does not seek judicial review of the denial of his untimely application for asylum and therefore the claim is waived. *See Parussimova v. Mukasey,* 533 F.3d 1128, 1131 n. 2 (9th Cir.2008). He does petition for review of the denial of withholding of removal and CAT relief, contending he was persecuted and tortured in India due to his religious beliefs. Specifically, he claims he was detained and beaten by police, his parents were harassed and forced to relocate, and he received a death threat, all because he is Catholic and had a romantic relationship with a Hindu woman.

The IJ reasoned that "if [Travassos'] description of events is true, or assuming that he was arrested, ... that would be past persecution." The IJ nonetheless determined that Travassos "repeatedly returned to India and to his home town and lived for long periods of time without any problems, which appears to overcome the presumption of future persecution." The IJ also reasoned that India's governing party had changed and there is now less tension between Hindus and Christians. Finally, the IJ noted that Travassos' former girlfriend married someone else, and "it does not appear that the basis for ... concern continues to exist." The IJ concluded for these same reasons that Travassos failed to show "it is more likely than not that he" would be tortured if he returns to India.

■ Substantial evidence supports the IJ's determinations. A claim of future persecution "is weakened, even undercut, ... when the applicant has returned to the country without incident." *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). Moreover, the fundamental changes of circumstances identified by the IJ indicate there is no reasonable possibility of persecution or torture if Travassos returns to India. *See Sillah v. Mukasey,* 519 F.3d 1042, 1044 (9th Cir.2008) (upholding denial of withholding of removal because changed circumstances overcomes presumption of a well-founded fear of future persecution); *Sowe v. Mukasey,* 538 F.3d 1281, 1288–89 (9th Cir.2008) (ruling that changed conditions defeats a claim for CAT protection).

**PETITION FOR REVIEW DENIED.**