**Iqbal SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–73571.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Nov. 18, 2008.

Robert Bradford Jobe, Esquire, Law Offices of Robert B. Jobe, Katherine M. Lewis, Esquire, San Francisco, CA, for Petitioner.

Joseph D. Hardy, Esquire, Norah Ascoli Schwarz, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, ROTH *, and CLIFTON, Circuit Judges.

MEMORANDUM **

Iqbal Singh ("Singh"), a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of re-

---

* The Honorable Judge Jane R. Roth, United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

moval, and relief under the Convention Against Torture ("CAT"). The BIA adopted and affirmed the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). We therefore review the IJ's decision as if it were the decision of the BIA. *Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

We lack jurisdiction to review the BIA's determination that Singh failed to timely file his asylum application because the underlying facts are disputed. *See Sillah v. Mukasey*, 519 F.3d 1042, 1043–44 (9th Cir. 2008).

We have jurisdiction over the denial of Singh's application for withholding of removal and CAT relief under 8 U.S.C. § 1252(a). We review the IJ's adverse credibility determination for substantial evidence. *See Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir.2007).

Substantial evidence supports the adverse credibility determination. The IJ's adverse credibility finding is "based on specific, cogent reasons that bear a legitimate nexus to the finding." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005). Portions of Singh's testimony were internally inconsistent and implausible. The IJ found Singh's answers to be rehearsed, evasive, circular, vague, and shifting at key points. The BIA properly concluded that these and other problems in petitioner's testimony cumulatively supported an adverse credibility finding on issues that go to the heart of petitioner's claim. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir.2005). Because we agree with the BIA that "the combination of factors cited by the Immigration Judge was sufficient for an adverse finding," we uphold the BIA's ultimate finding of incredibility. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003); *Kaur*, 418 F.3d at 1067.

Because Singh's CAT claim is based on the same statements found to be not credible, and he does not point to any other evidence in the record that would compel a finding that it would be more likely than not that he would be tortured if returned to India, substantial evidence supports the IJ's denial of CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

Finally, we deny Singh's request for judicial notice of information not previously submitted to the agency. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996) (en banc).

**PETITION DISMISSED in part; DENIED in part.**