**Juvencio Daniel LOPEZ–SAENZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–71774.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed Feb. 25, 2009.

Andrea Guerrero, Esq., Gueerrero Jacobs & Schlesinger LLP, San Diego, CA, for Petitioner.

District Director, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Jason Laeser, Esquire, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Juvencio Daniel Lopez–Saenz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252(a). We review for substantial evidence the agency's adverse credibility determination. *Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

We lack jurisdiction to review the agency's determination that Lopez–Saenz's asylum application was untimely because the underlying facts are disputed. *See Sillah v. Mukasey,* 519 F.3d 1042, 1043–44 (9th Cir.2008).

Substantial evidence supports the agency's adverse credibility determination because the discrepancies between Lopez–Saenz's first and second asylum applications go to the heart of his claim of persecution, *see Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and because of the other implausibilities and inconsistencies in the record, *see Wang v. INS,* 352 F.3d 1250, 1258–59 (9th Cir.2003); *see also Don v. Gonzales,* 476 F.3d 738, 743 (9th Cir. 2007) (upholding implausibility finding). Accordingly, Lopez–Saenz's withholding of removal claim fails.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In addition, substantial evidence supports the agency's denial of CAT relief because Lopez–Saenz's CAT claim is based on the same statements found to be not credible and he does not point to any other evidence in the record that would compel a finding that it would be more likely than not that he would be tortured if returned to Guatemala. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

Finally, we lack jurisdiction to review the agency's denial of voluntary departure. *See* 8 U.S.C. § 1229c(f).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**