MEMORANDUM **
Guoping Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) decision affirming the Immigration Judge’s (“IJ”) order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Where, as here, the court cannot determine whether the BIA conducted de novo review, we may look to the IJ’s decision “as a guide to what lay behind the BIA’s conclusion.” Ahmed v. Keisler, 504 F.3d 1183, 1190-91 (9th Cir.2007). We review an adverse credibility determination for substantial evidence, and we uphold the finding “ ‘unless the evidence presented compels a reasonable factfinder to reach a contrary result.’ ” de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997) (quoting Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996)). We dismiss in part, and deny in part, the petition for review.
We lack jurisdiction to review the BIA’s determination that Zhang failed to timely file his application for asylum and failed to establish extraordinary circumstances to excuse the delay because the facts surrounding the BIA’s determination are disputed. See Sillah v. Mukasey, 519 F.3d 1042, 1043-44 (9th Cir.2008); Ramadan v. Gonzales, 479 F.3d 646, 650 (9th Cir.2007); 8 U.S.C. § 1158(a)(3).
The BIA’s adverse credibility determination is supported by substantial evidence because the BIA identified material and relevant inconsistencies between Zhang’s declaration and testimony that went to the heart of Zhang’s claims of persecution and abuse. See Kohli v. Gonzales, 473 F.3d 1061, 1071 (9th Cir.2007) (upholding an adverse credibility determination based on substantial inconsistencies between petitioner’s declaration and testimony). Accordingly, we uphold the denial of Zhang’s withholding of removal claim.
Substantial evidence supports the BIA’s decision to deny Zhang’s CAT claim because Zhang based the claim on the testimony found to be incredible. See Fa-rah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir.2003). Zhang did not point to other record evidence which would compel a finding that if he were returned to China, he would more likely than not be tortured. See id.
Zhang’s additional arguments that the IJ was biased against him, failed to allow him to hire a competent attorney, and improperly refused to admit evidence are not supported by the record and therefore do not support relief.
The petition for review is dismissed with respect to Zhang’s asylum claim, and in all other respects is denied.
PETITION FOR REVIEW DISMISSED in part, and DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.