**Foday SILLAH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–73857.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Sept. 3, 2009.

ed by 9th Cir. R. 36–3.

Vicky Dobrin, Esquire, Hilary Han, Dobrin & Han, PC, Seattle, WA, for Petitioner.

Matt Crapo, Walter Manning Evans, Esquire, Trial, OIL, Richard M. Evans, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

BEFORE: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER,* District Judge.

AMENDED MEMORANDUM **

Foday Sillah, a native and citizen of Sierra Leone, applied for asylum, withholding of removal and relief under the Convention Against Torture (CAT). The Immigration Judge (IJ) denied relief and the Board of Immigration Appeals (BIA) dismissed Sillah's appeal. We hold that we have jurisdiction to review the denial of the application for asylum, deny the petition for review with respect to the claim for asylum and withholding of removal,[1] and remand to permit the BIA to consider Sillah's claims for humanitarian relief under 8 C.F.R. § 1208.13(b)(1)(iii)(A) & (B).

## I.

Sillah contends first that the IJ erred in finding that he failed to demonstrate that his asylum application was timely filed. The government argues that we have no jurisdiction to review the IJ's timeliness determination. We determine our jurisdiction de novo. *Ruiz–Morales v. Ashcroft*, 361 F.3d 1219, 1221 (9th Cir.2004) (citation omitted).

An applicant for asylum must "demonstrate[ ] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). The statute further pro-

vides that "[n]o court shall have jurisdiction to review any determination ... under paragraph (2)." 8 U.S.C. § 1158(a)(3). Sillah filed his application for asylum and withholding of removal in July 2002. Sillah testified that he arrived in Baltimore in May 2002. He was not cross examined and the government did not dispute or otherwise address his testimony. In his opinion, the IJ found certain of Sillah's testimony to be credible but did not include in that finding his testimony concerning his arrival date. The IJ made no adverse credibility finding.

"It is ... well settled that we must accept an applicant's testimony as true in the absence of an explicit adverse credibility finding." *Kataria v. INS*, 232 F.3d 1107, 1113 (9th Cir.2000). Neither the IJ nor the BIA made an explicit adverse credibility finding. As a result, Sillah's testimony as to his date of arrival must be accepted as true.

Under the REAL ID Act, we have jurisdiction to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D). A "question of law" includes an issue of statutory construction as well as the application of law to undisputed facts. *Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir.2007). Thus we must address the legal question of whether the IJ properly applied the evidentiary standard.

■ The IJ found that Sillah's testimony was "[in]sufficient to establish by clear and convincing evidence that he last arrived in the United States on May 29, 2002." The IJ's conclusion rests on his supporting finding that Sillah could not remember the name of the person whose

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, has assumed inactive status since this case was submitted.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–4.

**1.** Sillah does not challenge the denial of relief under the CAT.

fraudulent passport and visa he used and claimed he was never questioned by an immigration officer either upon departing Sierra Leone or upon entering the United States, and because his testimony as to his entry date lacked corroboration. Given that Sillah's testimony was undisputed and must be accepted as true, the IJ's conclusion was clearly erroneous. *See Ladha v. INS*, 215 F.3d 889, 899 (9th Cir.2000) (holding that no corroborating evidence required from asylum applicants who have testified credibly).

## II.

■■■ The IJ found, in the alternative, that even had the asylum application been timely, he would deny the application on the merits. Because the BIA affirmed summarily and adopted the IJ's decision, we review the IJ's findings for substantial evidence. *See Tapia v. Gonzales*, 430 F.3d 997, 999 (9th Cir.2005) (when the BIA does not perform an independent review of the IJ's determination, the court of appeals reviews the IJ's findings). "A denial must be upheld if supported by 'reasonable, substantial and probative evidence' in the record." *Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir.2004) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). The substantial evidence standard of review is "highly deferential," *Pal v. INS*, 204 F.3d 935, 937 n. 2 (9th Cir.2000), and for us to disturb the IJ's decision, Sillah must show that "the evidence not only *supports* ... but *compels*" reversal. *Elias–Zacarias*, 502 U.S. at 481 n. 1, 112 S.Ct. 812 (emphasis in original).

■■■ The IJ found that Sillah was entitled to a presumption of a well-founded fear of future persecution by the Revolutionary United Front (RUF) if he were returned to Sierra Leone. However, the IJ further found that the evidence submitted by the parties rebutted the presumption and established that country conditions were materially changed so that there was no reasonable possibility that Sillah would be persecuted if he were returned. The IJ's decision was based on evidence that the civil conflict in Sierra Leone had ended in 2002, when the government Sillah supported was restored to power. A large U.N. peacekeeping force asserted control over the whole country at that time. The RUF and the government-allied militia also completed disarmament in 2002, and international monitors declared that year's elections to be free and fair. The U.N. planned a complete withdrawal of peacekeepers by December 2004. Political killings have ceased and more than 60 RUF rebels are in custody awaiting trial. The IJ found there was no evidence that former RUF rebels were still targeting civilians because they supported President Kabbah, the candidate Sillah supported at the time of his past persecution.

Sillah argues that evidence of fewer abuses by the RUF is not sufficient to rebut the presumption that he faces future persecution. *See Borja v. INS*, 175 F.3d 732, 738 (9th Cir.1999) (en banc) (holding country conditions were not changed where evidence merely showed that revolutionary group was committing "fewer" killings). Sillah points to a State Department human rights report that there have been "some reports" of abuses by RUF rebels and that rebels continue to hold captives as laborers or sex slaves. Sillah also relies on a statement by a U.N. spokesperson that stability in Sierra Leone is "fragile." Finally, he points to a report by the International Crisis Group that "true peace and stability [in Sierra Leone] are still far off."

Although there is evidence that the RUF may still be committing some abuses,

the facts are not compelling as in *Borja* and do not warrant reversal. In *Borja*, the revolutionary group that had threatened the applicant, although declining in numbers, was still committing politically-motivated killings and was targeting business figures like the applicant. *Id.* In contrast, the evidence here does not compel the conclusion that the RUF would target Sillah upon his return to Sierra Leone. "We review the IJ's factual findings regarding changed country conditions for substantial evidence." *Smolniakova v. Gonzales,* 422 F.3d 1037, 1052 (9th Cir. 2005). Substantial evidence supported the IJ's conclusion that circumstances in Sierra Leone have changed such that Zillah's life and freedom are no longer threatened. *See Sowe v. Mukasey,* 538 F.3d 1281, 1286 (9th Cir.2008) (affirming a finding of changed country conditions in Sierra Leone).

Zillah also challenges the denial of his claim for withholding of removal. His claim fails, because an applicant who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

### III.

In light of the determinations described above, the parties agree that it is appropriate to remand this matter to the BIA in order to permit it to consider and rule on Zillah's claims for claims for humanitarian relief under 8 C.F.R. § 1208.13(b)(1)(iii)(A) & (B). If the BIA previously considered and rejected those claims for relief (which the record does not make clear), it presumably did so based on the finding that Zillah failed to file for asylum within one year of entry into the United States. As noted in section I above, that finding cannot stand, so these claims remain to be considered on the merits. For that purpose, we grant the petition for review in part and remand for further proceedings.

We therefore deny the petition in part, grant it in part, and remand for further proceedings.

**PETITION DENIED in part and GRANTED in part; REMANDED**

CLIFTON, Circuit Judge, concurring:

I concur in the judgment based on section II of the majority memorandum, with which I agree. I am not persuaded by the reasoning contained in section I of the majority memorandum, but that does not affect the outcome of this case.