Filed 7/8/24  P. v. Shaw CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>SHALONDA CHRISTINE SHAW,<br><br>  Defendant and Appellant. | B324611<br><br>(Los Angeles County<br>Super. Ct. No. BA480942) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Reversed and remanded with directions.

Robert F. Somers, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

————————

On September 24, 2020, a jury found appellant Shalonda Shaw guilty of mayhem and found true that she used a deadly or dangerous weapon. (Pen. Code,[1] §§ 203, 12022, subd. (b)(1).) The trial court initially sentenced Shaw to five years in prison: the middle term of four years for mayhem and one year consecutive for using a deadly or dangerous weapon. On appeal, we vacated the four-year sentence for mayhem and "remanded with directions to the trial court to hold a new sentencing hearing to consider whether section 1170, subdivision (b)(6) requires the imposition of the low term." (*People v. Shaw* (May 19, 2022, B312145) [nonpub. opn.].)

On September 22, 2022, the trial court conducted a resentencing hearing and found the aggravating circumstances outweighed the mitigating circumstances for purposes of section 1170, subdivision (b)(6). It imposed the same middle term sentence of four years for mayhem and one year consecutive for using a deadly or dangerous weapon. This timely appeal followed.

On appeal, appellant raises three arguments: 1) the trial court improperly considered aggravating factors to impose a sentence above the presumptive low term that were elements of the offense, were used for an enhancement, and were not found true beyond a reasonable doubt by the jury; 2) the trial court incorrectly calculated Shaw's presentence credits as 1203 instead of 1205; 3) the abstract of judgment incorrectly states Shaw's conviction as "aggravated mayhem" under section 205 instead of "mayhem" under section 203. The People concede the latter two contentions are correct. We agree as well and order the trial

---

[1] Statutory references are to the Penal Code.

court to correct the custody credits and abstract of judgment. We also reverse the trial court and order a new resentencing hearing.

## BACKGROUND

We grant Shaw's request for judicial notice of the record in her previous appeal, from which we draw these facts. On September 5, 2019, Jose Estrada was smoking marijuana with two women at about 5:00 a.m. in a homeless encampment in Los Angeles. Seemingly angry, Shaw walked past the group and returned five to 10 minutes later. She had previously told Estrada to stop selling drugs in the encampment. (*People v. Shaw, supra*, B312145.)

When Shaw returned, she was carrying a gallon of liquid. She poured some of the liquid on Estrada's lower left leg. Estrada believed she had tossed some of the liquid towards his head, and he raised his arms to protect his face. The liquid splashed on his wrist and forearm. Estrada smelled gasoline, looked down, and saw his leg, wrist, and fingers were on fire. He ran, throwing himself onto a patch of dirt to extinguish the fire. The burns on Estrada's leg required multiple surgeries and skin grafts. (*People v. Shaw, supra*, B312145.)

At the original sentencing hearing, the People presented evidence that Estrada suffered post-traumatic stress disorder (PTSD) from the offense; he was in "excruciating pain" from multiple surgeries; he was unable to see his then 14-year-old son for a long period of time due to the nature of his injuries; his mother and son were traumatized by the attack; and he will never to able to run or jump again. The People also presented evidence that while in custody, Shaw had demonstrated a lack of remorse and had attempted to dissuade a witness from testifying.

Shaw presented evidence that she had been sexually abused in the past; she had a mental health condition at the time of the offense for which she self-medicated with methamphetamine; while properly medicated in custody, she had not had any disciplinary problems; and her prior convictions were mostly nonviolent.

In reversing the sentence, we directed the court to consider 1170, subdivision (b)(6), which had been enacted while Shaw's appeal was pending. Specifically, we stated, "There is ample evidence in the record, in the form of a report by a psychiatric social worker, that appellant suffered 'psychological, physical, or childhood trauma.' The report also indicates appellant started sex work to make money and was thereafter exploited by her pimp." (*People v. Shaw, supra,* B312145.) We instructed the trial court to determine whether Shaw's "trauma and the fact that she was trafficked were 'a contributing factor in the commission of the offense' " such that the new presumptive low term applied. (*Ibid.*)

At resentencing on September 22, 2022, the trial court found that "the aggravating factors still outweigh the mitigating factors presented to the court." The trial court cited several aggravating factors in choosing to impose the middle term sentence for mayhem: (1) appellant inflicted great bodily injury on the victim within the meaning of California Rules of Court[2], rule 4.421(a)(1); (2) appellant was armed with or used a weapon (gasoline) at the time of the commission of the crime within the meaning of rule 4.421(a)(2); (3) appellant's crimes involved a high

---

[2] Undesignated rule references are to the California Rules of Court.

4

degree of cruelty, viciousness or callousness within the meaning of rule 4.421(a)(1); (4) appellant tried to dissuade a witness from testifying within the meaning of rule 4.421(a)(6); (5) appellant carried out the offense with planning, sophistication, or professionalism within the meaning of rule 4.421(a)(8); and (6) appellant's motive was revenge for a perceived incursion into her narcotics selling territory. The court also acknowledged appellant's mental illness and her history of being sex trafficked as mitigating circumstances.

When Shaw objected that the court was considering aggravating factors not found true by the jury, the trial court stated that the use of gasoline as a deadly weapon would be sufficient because it was vicious and the injuries were long lasting. The court then added that it was relying on "all the other reasons" previously stated.

## DISCUSSION

A. *Applicable Law*

Effective January 1, 2022, Assembly Bill No. 124 (2021– 2022 Reg. Sess.) amended section 1170 by adding paragraph (6) to subdivision (b). (Stats. 2021, ch. 695, § 5.3.) Subdivision (b)(6) provides in pertinent part: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) the person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. [¶] . . . [¶] (C) Prior to the instant offense, or at

5

the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking." (§ 1170, subd. (b)(6).)

B.    *The Standard of Review*

We review a trial court's sentencing choice for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) The party challenging the court's decision bears the burden to "clearly" show the court's decision was irrational or arbitrary. (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.) As to aggravating and mitigating factors, sentencing courts have " 'wide discretion' " in qualitatively and quantitatively weighing the factors against each other. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.) A court which is unaware of the scope of its discretionary powers can no more exercise that " ' "informed discretion" ' " than one whose sentence is or may have been based on misinformation regarding a material aspects of a defendant's record. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Abuse of discretion is also established when the trial court's decision is based on a demonstrable error of law. (*People v. Jennings* (2005) 128 Cal.App.4th 42, 49.)

If we find error, under *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*), we then review to determine whether the trial court would have imposed the higher term regardless of the error. "[T]he question posed is whether, in the absence of the improperly considered sentencing factor(s), there is a reasonable probability of a more favorable outcome for the appealing party— i.e., the imposition of a lesser sentence." (*People v. Falcon* (2023) 92 Cal.App.5th 911, 941, review granted, Sept. 13, 2023, S281242 (*Falcon*); see *People v. Avalos* (1984) 37 Cal.3d 216, 233 (*Avalos*); *People v. Price* (1991) 1 Cal.4th 324, 492 (*Price*), superseded by

6

statute on other grounds as stated in *People v. Hinks* (1997) 58 Cal.App.4th 1157, 1161–1165; *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1115.)

"When a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper." (*Price, supra,* 1 Cal.4th at p. 492; *Falcon*, *supra*, 92 Cal.App.5th at p. 950, review granted [noting *Watson* harmless error test has been applied when a sentencing court considered improper sentencing factors under statutory scheme that had not changed in interim].) A reasonable probability of a more favorable result exists where the improper factor or factors was or were determinative for the sentencing court or where the reviewing court cannot make that determination. (*Avalos, supra,* 37 Cal.3d at p. 233; see *People v. McDaniels* (2018) 22 Cal.App.5th 420, 426 ["When a trial court has abused its discretion in choosing among available sentencing options, such as by relying on an improper sentencing factor, a reviewing court must still affirm unless 'the error complained of has resulted in a miscarriage of justice.' [Citation.] In these situations, the trial court has revealed which sentencing choice it prefers, and the reviewing court must decide whether there is a reasonable probability that the trial court's lawful exercise of discretion on remand will lead it to make a different choice."]; *In re F.M.* (2023) 14 Cal.5th 701, 715 [*Watson* standard has been applied to sentencing error in adult criminal cases where trial court is aware of its discretion at sentencing].)

C.   *Analysis*

The trial court stated that it had considered section 1170, subdivision (b)(6) factors when it originally imposed sentence. It stated it understood the low term was the presumptive sentence due to the factors, but it was "within the court's discretion to consider the appropriate term even with that new glitch in the law." It then found aggravating circumstances as set out in rule 4.421.

First, it found the crime involved great bodily injury. This is based the victim's testimony that he still experienced pain and disability due to the offense and "did not have normal functioning of all of his body parts, specifically his limbs."

The second aggravator was that Shaw used a weapon, to wit, gasoline, to commit the offense.

The third aggravator was that the offense disclosed a high degree of cruelty, viciousness or callousness.

The fourth aggravator was that appellant had obviously planned the commission of the crime. She left the scene, retrieved gasoline, and returned to commit the offense.

The fifth aggravator was that appellant had tried to dissuade a witness from testifying at her trial.

The sixth aggravator was that Shaw's motive was revenge over a "perceived wrong," to wit, the victim was selling narcotics in the homeless encampment, territory she claimed as her own. The trial court then imposed the middle term because the "factors in aggravation under the rules of court and the facts of the case themselves outweigh the mitigating factors."

Appellant raises two arguments why the sentence is not proper. First, she argues that the trial court improperly relied on

8

factors that the jury did not find true and to which the parties did not stipulate. This contention is without merit.

We review this contention as a question of law subject to de novo review. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) It is true that the " 'court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial . . . .' " (*Falcon, supra,* 92 Cal.App.5th at p. 925, review granted.)

Nonetheless, section 1170, subdivision (b)(6) does not require a true finding by a jury or a stipulation by the parties before aggravating factors can be used to go above the low term to the middle term. For purposes of subdivision (b)(6) a true finding or stipulation is required only when the court is considering imposition of an upper term at sentencing. (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 204–205 [subdivision (b)(6) applies to upper term sentences].) The upper term was not imposed here.

Next, appellant argues the court improperly relied twice on her use of a deadly weapon—once as an aggravating circumstance to impose the middle term and then as a basis for the one-year sentencing enhancement. Shaw also contends that the court improperly relied twice on the infliction of great bodily injury as such infliction was used as an aggravator and it is also an element of the offense of conviction. Before we get to that discussion, the Attorney General maintains Shaw forfeited these contentions by not raising them below.

9

As a threshold matter, relying on *People v. Gonzalez* (2003) 31 Cal.4th 745, the Attorney General argues appellant forfeited her claims of error by failing to raise them below. (*See id.* at p. 751 [forfeiture rule applies to discretionary sentencing choices made in " 'cases in which the court purportedly erred because it double-counted a particular sentencing factor' "], quoting *People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*).)

Appellant insists her claim remains cognizable on appeal notwithstanding her counsel's failure to object because, in imposing the middle term, the trial court failed to comply with the explicit sentencing mandates of section 1170, subdivision(b)(6) and thus, the sentence is unauthorized. (See *People v. Panozo* (2021) 59 Cal.App.5th 825, 838–839 [rejecting forfeiture argument despite absence of objection because the claim related to trial court's misapprehension of statutory sentencing obligations]; *Scott*, *supra*, 9 Cal.4th at p. 354.)

To forestall consideration of Shaw's allegation of ineffective assistance of counsel, we exercise our discretion to consider Shaw's contentions.

Shaw is correct that these two aggravating factors were improperly used twice. "A fact that is an element of the crime on which punishment is being imposed may not be used to impose a particular term." (Rule 4.420(h).) Mayhem is committed when a person "unlawfully and maliciously deprives a human being of a member of his body, or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear, or lip." (§ 203; CALCRIM No. 801.) Great bodily injury is an element of the offense. (*People v. Brown* (2001) 91 Cal.App.4th 256, 272.).

10

Because an element of the crime of mayhem is great bodily injury, that element cannot be used as an aggravating factor for sentencing under rule 4.421(a)(1).  Similarly, the second factor—that appellant was armed with a weapon—is inherent in the deadly weapon enhancement itself.  (Rule 4.421(a)(2).)  Reliance on these factors to impose the middle term constituted an impermissible dual or overlapping use of facts.  (See *People v. Moberly* (2009) 176 Cal.App.4th 1191, 1197; *Scott, supra,* 9 Cal.4th at p. 350 [generally a court "may [not] use a fact constituting an element of the offense either to aggravate or to enhance a sentence."]; *People v. Barker* (1986) 182 Cal.App.3d 921, 941 [where there is an improper dual or overlapping use of facts, remand is required if it is reasonably probable the defendant would obtain a more favorable result].)  Use of a weapon is what the jury found true when it considered the deadly weapon enhancement.  It may not be used as it was here. (Rule 4.420(g).)

We note the People have conceded this issue and we accept and agree with their concession.  However, the court's error is not the end of the analysis.  We must decide if the error was harmless.

The other factors cited by the trial court as aggravating circumstances were not used twice.  Viciousness and callousness are not elements of mayhem and may be cited, where appropriate, as a circumstance in aggravation of mayhem. (*People v. Reed* (1984) 157 Cal.App.3d 489, 491–492.)  Neither are motive and uncharged dissuasion of a witness prohibited circumstances.

When challenged, the trial court appeared to accord "particular weight" to the fact that appellant used gasoline as her

11

weapon of choice.  The use of gasoline is, of course, a prohibited factor as it was taken into account when the court imposed the additional one year pursuant to the weapon enhancement.

Setting aside the dual use of the first and second aggravating factors, the trial court cited four remaining aggravating circumstances – the vicious and callous nature of the offense, revenge as motive, witness dissuasion, and planning/sophistication.  The sentencing court did not explicitly suggest that it had considered any of these aggravating circumstances more heavily than any other and it appeared to tie the "vicious and callous nature of the offense" to the use of gasoline, stating, "That weapon being gasoline is particularly vicious."  Indeed, when challenged, it fell back on the use of gasoline as the apparent most important factor.

Because not all aggravating factors survive the first step of the harmlessness analysis, the question is whether it is reasonably probable that the trial court would have imposed a shorter sentence had it relied only on permissible factors.  As explained in *Falcon*, "a trial court must decide whether the existence of properly proven aggravating circumstances justify, not just the term selected, but upward departure from the presumptive rule itself.  The presumption bears weight in this determination.  As a result, the trial court no longer has full discretion to impose an upper term sentence without the weight of any presumption against it, as it did under the former version of the [determinate sentencing law]." (*Falcon, supra*, 92 Cal.App.5th at p. 921, review granted.)

Appellant is entitled to a sentencing decision reached through the exercise of the court's informed discretion.  This requires a sentencing decision that affords weight to the low-term

12

presumption (if the court finds that any factors in section 1170, subdivision (b)(6) contributed to the commission of the crime), and an upward departure must comport with the factfinding limitations applicable to the deadly weapon enhancement and the elements of the crime of mayhem.  On this record we cannot discern with certainty what the trial court would have done without consideration of the two improper aggravating factors.  We conclude resentencing is in order.

We express no view as to what weight the trial court should give to the low term presumption or how the court should weigh the properly considered aggravating factors against the mitigating factors.  But the trial court should explicitly state how it weighed the low term presumption and the aggravating and mitigating factors so as to make clear whether and why, or why not, it chose the middle term and not the low term.

## DISPOSITION

The judgment is reversed.  The trial court is ordered to conduct a new sentencing hearing, recalculate appellant's custody credits, and correct the abstract of judgment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.                                    WILEY, J.